UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VLADIMYR EUGENE,

                       Petitioner,

                       **OPINION & ORDER**
                       06-CV-6024 (SJF)

-against-

LEO PAYANT, SUPERINTENDENT of the,
MOHAWK CORRECTIONAL FACILITY,

                       Respondent.
----------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

On September 15, 2003, *pro se* petitioner Vladimyr Eugene ("Petitioner" or "Eugene") was convicted by a jury in the County Court of the State of New York, Suffolk County, of two (2) counts of robbery in the second degree. He was sentenced to two (2) concurrent determinate terms of six (6) years of incarceration and five (5) years of post-release supervision. He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the petition is denied and dismissed.

II.    Petitioner's Pleadings

A *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers . . . ." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). A court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, a *pro se* plaintiff is not exempt from compliance with relevant rules

1

of procedural and substantive law. <u>Faretta v. California</u>, 422 U.S. 806, 834 n.36 (1975).

III. Background

    A. Factual Background

In the early morning hours of August 6, 2002, Greg Mandarano ("Mandarano") was watching television at a friend's house. Tr. 400.[1] At approximately one o'clock in the morning (1:00 a.m.), Mandarano left his friend's house and drove to Crab Meadow Beach, in Northport, New York, where he sat in his car listening to music. Tr. 400. Approximately forty five (45) minutes later, six (6) or seven (7) cars pulled into the parking lot near Mandarano's car and a group of people got out of the cars and walked toward the beach. As they passed, Mandarano asked them if they had been at a party. Tr. 402. Eventually, Mandarano got out of his car to smoke a cigarette and conversed with several women from the group. Tr. 403. He then walked with the women through a larger parking lot to a pavilion where about fifteen (15) people were gathered. Tr. 403. Mandarano testified that he did not know any of the people gathered at the pavilion. Tr. 404.

One of the people at the pavilion was Eugene, with whom Mandarano had a short conversation. Following their brief exchange, Eugene left and joined another group of people, who were gesturing at Mandarano. Tr. 405-06. According to Mandarano, members of the group thought that he had been calling them derogatory names. Tr. 407. Eddie Cortez ("Cortez") then walked over to Mandarano and punched him in the nose.[2] Tr. 407. At that point, Mandarano left the pavilion and began to walk toward the parked cars. Tr. 411. Eugene

---

[1] "Tr." refers to pages in the trial transcript.

[2] Cortez pleaded guilty to a lesser charge and cooperated with the prosecution at Eugene's trial. Tr. 491.

2

and Cortez followed Mandarano into the parking lot. Tr. 412-13, 475. According to Mandarano, he tried to run but was chased down by Eugene and Cortez, who pushed and punched him. Tr. 412. Finally, after being punched on the side of the head, he fell to the ground. Tr. 413. While Mandarano was on the ground, Cortez hit him repeatedly in the face and told him to empty his pockets. Tr. 413. According to Mandarano, while Cortez continued to harass him, Eugene knelt down next to him and ran his hands through his pockets, inquiring about a cell phone or a beeper. Tr. 413-14. When Cortez asked him again whether he had anything in his pockets, Mandarano replied that he only had his car keys. Tr. 414. According to Mandarano, Eugene took the keys from his hands and left the area with Mandarano still on the ground. Tr. 414.

Mandarano waited for most of the people at the pavilion to leave before he walked back to where his car was parked. Tr. 415. When he returned to the parking lot, he discovered that his car was gone. Tr. 416. Mandarano suffered a concussion, a broken nose, and a broken tooth as a result of the attack. Tr. 415, 447.

    B.    Procedural History

Petitioner was arrested on August 6, 2002 and arraigned on August 19, 2002. On September 15, 2003, Petitioner was convicted of two (2) counts of robbery in the second degree. On October 14, 2003, Petitioner was sentenced to two (2) concurrent determinate terms of six (6) years of incarceration and five (5) years of post-release supervision.

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department. Petitioner raised four (4) claims on appeal: 1) that the prosecutor's statements to the jury during summation bolstered the complainant's testimony and denied him his right to a fair trial; 2) that the cumulative effect of the prosecutor's

improper statements during summation denied him his right to a fair trial; 3) that the prosecution failed to prove guilt beyond a reasonable doubt; and 4) that the sentence was harsh and excessive. On March 7, 2006, the Appellate Division affirmed Petitioner's conviction and held that: 1) Petitioner's claims regarding prosecutorial misconduct were unpreserved for appellate review and without merit; 2) Petitioner's claim of insufficiency of the evidence was unpreserved for appellate review and without merit, and the verdict was not against the weight of the evidence; and 3) Petitioner's sentence was not excessive. See People v. Eugene, 812 N.Y.S.2d 578 (App. Div. 2d Dep't. 2006). Petitioner sought leave to appeal to the New York Court of Appeals, which was denied on June 14, 2006. See People v. Eugene, 7 N.Y.3d 755 (2006).

On November 13, 2006, Petitioner filed the instant petition for a writ of habeas corpus. Petitioner claims that: 1) the prosecutor's statements to the jury during summation bolstered the complainant's testimony and denied him his right to a fair trial; 2) the cumulative effect of the prosecutor's improper statements during summation denied him his right to a fair trial; and 3) the prosecution failed to prove his guilt beyond a reasonable doubt.

IV. The AEDPA

The Anti Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, governs petitions of incarcerated state court defendants seeking federal habeas corpus relief.

A. Procedural Bar

Federal courts may not consider the merits of a federal constitutional claim on habeas review when a state court rests its decision on an independent and adequate state procedural ground. See Coleman v. Thompson, 501 U.S. 722, 730 (1991). An independent and adequate state procedural ground may only be found where the highest state court that rendered a

4

judgment in the case "clearly and expressly states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (internal quotations and citation omitted). This rule applies even where a state court reaches the merits of a petitioner's claim in the alternative. See id. at 264 n.10 ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding" so long as it explicitly invokes a state procedural rule as a separate basis for its decision) (emphasis in original). See also Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 811 n.4 ("[W]here a state court says that a claim is 'not preserved for appellate review,' and then rule[s] 'in any event' on the merits, such a claim is not preserved." (quoting Glenn v. Bartlett 98 F.3d 721, 724-45 (2d Cir. 1996))). However, this rule is not without exception. Generally, a claim otherwise procedurally barred may be reviewed by a federal court in the event that a petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

V.  Analysis

Petitioner's claims are procedurally barred from review by this Court because the Appellate Division rested its decision affirming Petitioner's conviction on independent and adequate state procedural grounds.

A.  Prosecutorial Misconduct Claims

Petitioner claims that he was denied his right to a fair trial because the prosecutor made improper remarks during summation. Under New York Criminal Procedure Law ("NYCPL") §

5

470.05(2),[3] in order to preserve a claim of prosecutorial misconduct during summation for appellate review, a defendant must object to the remarks during trial, and, following the objection, request further instructions or move for a mistrial after the court issues a curative instruction. See e.g., People v. Heide, 84 N.Y.2d 943, 944 (1994) (claim unpreserved where defense counsel failed to object further or request a mistrial after court issued curative instructions).

Petitioner failed to object to the allegedly improper statements during the prosecutor's summation. In the one instance where Petitioner did object, the court gave a curative instruction, but Petitioner did not request further instructions or move for a mistrial. Tr. 697. Under these circumstances, the trial court's curative instructions are deemed to have corrected the alleged error to Petitioner's satisfaction. See Heide, 84 N.Y.2d at 944 (citing People v. Williams, 46 N.Y.2d 1070, 1071 (1979)). As a result, the Appellate Division held that Petitioner's claims were unpreserved for appellate review. Eugene, 812 N.Y.S.2d at 579-80.

Since the Appellate Division rested its decision on Petitioner's failure to comply with the contemporaneous objection rule, an independent and adequate state ground, the claims are barred. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990) (violation of New York's contemporaneous objection rule is an independent and adequate state ground). See also Dow v. Walsh, No. 03-CV-424, 2006 WL 484783, at *5 (E.D.N.Y. Feb. 28, 2006) (collecting cases). The fact that the Appellate Division ruled on the merits of Petitioner's claims in an alternative holding does not preserve the claims. See Harris, 489 U.S. at 264 n.10. Petitioner has not asserted any cause for his failure to make timely objections or request further instructions or

---

[3] The statute, known as the contemporaneous objection rule, requires that an objection to an alleged error be made "at the time of such ruling or instruction or at any subsequent time when the court ha[s] an opportunity of effectively changing the same." NYCPL § 470.05(2).

6

move for a mistrial nor has he shown any resulting prejudice. He has also not demonstrated that failure to consider the claims will result in a fundamental miscarriage of justice. Therefore, this Court may not review the merits of Petitioner's prosecutorial misconduct claims.

B. Weight of the Evidence Claim and Sufficiency of the Evidence Claim

Petitioner claims that the verdict was against the weight of the evidence. "A 'weight of the evidence' argument is a pure state law claim grounded in New York Criminal Procedure Law § 470.15(5), whereas a legal sufficiency claim is based on federal due process principles." Correa v. Duncan, 172 F. Supp. 2d 378, 381 (E.D.N.Y. 2001) (citation omitted). As a result, a weight of the evidence claim is precluded from federal habeas review. Id. Accordingly, Petitioner's claim, to the extent that it raises a weight of the evidence argument, is not reviewable by this Court.

Petitioner also asserts that the evidence was not legally sufficient to prove his identity as one of the perpetrators, and therefore, to prove his guilt beyond a reasonable doubt. In applying the contemporaneous objection rule to legal sufficiency claims, the New York Court of Appeals has held that where a motion to dismiss is made based upon insufficiency of evidence, "the preservation requirement compels that the argument be 'specifically directed' at the alleged error . . . ." People v. Gray, 86 N.Y.2d 10, 19 (1995) (quoting People v. Cona, 49 N.Y.2d 26, 33 n.2 (1979)).

While Petitioner's counsel made a general motion pursuant to NYCPL § 290.10 at the conclusion of the prosecution's case to "dismiss any count of the indictment upon the ground that the trial evidence [was] not legally sufficient to establish the offense included herein," he did not specifically address the alleged insufficiency of the evidence regarding the

identification of Petitioner. Tr. 547. As a result, the Appellate Division held that Petitioner's general motion for a trial order of dismissal was not sufficiently specific to preserve his claim for appellate review.[4] Eugene, 812 N.Y.S.2d at 579 (citing People v. Elmore, 702 N.Y.S.2d 860 (App. Div. 2d Dep't. 2000); People v. King, 657 N.Y.S.2d 933 (App. Div. 2d Dep't. 1997)).

The Appellate Division's rejection of Petitioner's claim pursuant to a violation of the contemporaneous objection rule constitutes an independent and adequate state ground which bars Petitioner's claim. See Velasquez, 898 F.2d at 9. See also Pretlow v. Lord, No. 03-CV-2547, 2005 WL 1073609, at *2 (E.D.N.Y. April 29, 2005) (finding defense counsel's failure to raise specific challenge to legal sufficiency of evidence as procedural default constituting independent and adequate bar to federal habeas review). The fact that the Appellate Division reached the merits of Petitioner's claim in the alternative does not permit this Court to review the claim. See Harris, 489 U.S. at 264 n.10. Petitioner does not allege any cause for the procedural default or prejudice therefrom and has not demonstrated that failure to consider the claim will result in a fundamental miscarriage of justice. Therefore, this Court may not review the merits of Petitioner's legal sufficiency claim.

VI.  Conclusion

For the foregoing reasons, Petitioner's application for a writ of habeas corpus is denied. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not be issued. 28 U.S.C. § 2253. See also Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107,

---

[4] Although the Appellate Division did not cite specifically to the contemporaneous objection rule, NYCPL § 470.05(2), it relied on case law grounded in the statute.

112 (2d. Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED

_____
Sandra J. Feuerstein
United States District Judge

Dated: July 13, 2007
Central Islip, New York

Copies:

Vladimyr Eugene
03-R-5490
Mohawk Correctional Facility
6100 School Road
PO Box 8450
Rome, NY 13440

Marion M. Tang
District Attorneys Office, Suffolk County
Criminal Courts Building
200 Center Drive
Riverhead, NY 11901-3388